THOMAS O'BRIEN

v.

STATE OF ILLINOIS.

*Opinion filed November 30, 1912.*

RESPONDEAT SUPERIOR—*doctrine of not applicable to State.* The doctrine of *respondeat superior* does not apply to the State.

Green and Palmer, for Claimant.

W. H. Stead, Attorney General, for State.

This is a claim filed by Thomas O'Brien, for injuries received by him while employed as a helper and general utility man in the department of engineering at the University of Illinois, situated in Urbana, in the county of Champaign, and State of Illinois. The claim filed charges that injury was occasioned by reason of negligence in the construction and maintenance of a gutter and driveway, on the grounds belonging to the said university.

The facts relied upon are set out in full in the claimant's declaration and it is not necessary to repeat them here.

The Attorney General has filed a demurrer to the claimant's declaration, and in support of his demurrer has argued that the State is not liable for the negligence of its officers and employees in the construction or maintenance of said driveway and grounds.

This Court has heretofore held in numerous cases, that the State could not be held responsible for the negligence or misconduct of its subordinate officers, agents or servants. See *Schmidt* v. *State of Illinois,* 1 Court of Claims Report, page 76, and cases therein cited. We see no reason to change the former ruling of this Court.

It is therefore the opinion of the Court, that claimant has no legal claim against the State of Illinois, and the demurrer is sustained and the claimant's bill is dismissed.

Section 7 of the Act creating the Court of Claims, is as follows: "In case said Court shall reject any claim, so filed as aforesaid, upon the hearing thereof, such rejection shall conclude the claimant, unless said Court shall otherwise direct." Under the power thus conferred upon us by the above section, we direct that claimant shall not be concluded by the above finding.